IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

YOUNES KABBAJ,

Plaintiff,

v.

JOHN DOES 1-108,

Defendants.

Civil Action No. 14-1484-RGA

---

Younes Kabbaj, *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

August 11, 2015
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Younes Kabbaj has filed a motion (D.I. 14) which in part seeks to substitute his amended complaint (D.I. 13) for his earlier-filed complaint. I will grant that motion to the extent of the making the substitution. The amended complaint claims jurisdiction by diversity of citizenship. (D.I. 13 ¶ 6). The Court also claims "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367(a)[1] and that venue in Delaware is proper pursuant to 28 U.S.C. § 1391(b)(3).[2] He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). Typically, the court would proceed to review and screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). As a preliminary matter, however, Kabbaj must seek permission before filing lawsuits against certain individuals or entities.

Kabbaj is a former employee of the American School of Tangier. He has filed numerous other lawsuits.[3] In the first action, C.A. No. 10-431-RGA, he named as defendants the American School of Tangier; its Board of Trustees; Stephen Eastman, Chairman of the Board of Trustees; Edward Gabriel; and Mark Simpson. (C.A. No. 10-431-RGA, D.I. 12). The parties (excepting Mr. Simpson, who does not appear to have been served, and did not respond to the complaint) entered into a confidential settlement agreement, followed by a joint motion to dismiss with prejudice and consent

[1] The complaint does not raise claims under any federal statutes. Section 1367(a) provides that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[2] Section 1391(b)(3), a venue statute, provides that a civil action may be brought in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action if there is no district in which an action may otherwise be brought.

[3] *See* C.A. Nos. 10-431-RGA, 12-1322-RGA-MPT, 13-1522-RGA, 14-780-RGA, 14-982-RGA, and 14-1001-RGA.

order, granted by the court on April 24, 2012. (*See* C.A. No. 10-431-RGA, D.I. 52, 53, 54). The dismissal order provided that the court would retain jurisdiction of the matter following dismissal for the purpose of enforcing the parties' written settlement agreement and to resolve disputes regarding that settlement agreement. (C.A. No. 10-431-RGA, DI 54 at 3). The dismissal order restrained and prohibited Kabbaj from having any contact with about forty-five (45) named persons and entities (*i.e.*, the "Releasees") and many more individuals and entities not identified by name. The dismissal order further provided that, unless "prior written permission of a judge of this Court" was obtained, Kabbaj could not bring a civil action against any of the Releasees "with respect to any matter not released by the Parties' settlement agreement" and with respect to "any claim that any Party has breached the settlement agreement." (C.A. No. 10-431, D.I. 54 at 2).

On July 29, 2014, Kabbaj filed a complaint in the United States District Court for the Southern District of Florida without receiving written permission from the court. That complaint alleged that John Does 1 through 58 conspired with others to interfere with the settlement agreement by cyber-stalking and defaming Kabbaj on the internet. (D.I. 1). It further alleged that Does 1 through 58 had become the "protectors" of Simpson, that they "destroyed" the settlement agreement and made it impossible for the parties to adhere to its provisions, and provoked additional litigation between" Kabbaj and the settling parties. (*Id.* at ¶ 16). The complaint also alleged that Does 1 through 58 engaged in tortious interference with the settlement agreement "thereby making it impossible for the parties to the [American School of Tangier] Contract to adhere to its confidentiality provisions." (*Id.* at ¶ 20).

Upon review of the complaint, the Florida District Court found that venue was in Delaware as set forth in the settlement agreement reached in C.A. No. 10-431-RGA. (D.I. 4). The Florida District Court further found that the action expressly referred to the prior litigation(s) in Delaware, and that the complaint filed in its court appeared to impact the settlement agreement. It therefore transferred the matter to this court on December 15, 2014. (*Id.*).

Thereafter, Kabbaj filed the amended complaint on January 13, 2015. (D.I. 13). The amended complaint names as defendants John Does 1 through 108 and identifies some of the Doe defendants as being residents of New York, Oregon, and France. (D.I. 13 ¶ 3). Kabbaj seeks to restrain a cyber-stalking campaign that is being waged against him by the Doe Defendants "using the anonymity of the internet." (*Id.* at ¶ 7). The amended complaint alleges that persons operating internet accounts made defamatory communications to tortiously interfere with a settlement contract reached in related litigation. (*Id.* at ¶ 9). The amended complaint alleges that unlawful communications originated from accounts established by Mark Simpson, who, along with his boyfriend Brian Albro, deny sending the communications. (*Id.* at ¶ 10). Count one of the amended complaint seeks declaratory relief that the Doe defendants engaged in tortious interference with a previous settlement agreement and to enjoin the defendants from republishing the false allegations; count two raises a defamation claim; and count three is similar to count one and requests declaratory relief that the Doe defendants deliberately engaged in tortious interference with Kabbaj's settlement contract with his previously employer by engaging in an unlawful defamation campaign.

According to the court's April 24, 2012 order:

> [Kabbaj] may not bring a civil action against any of the "Releasees" [ ] in any court of law in the United States, with respect to any matter not released by the Parties' settlement agreement, including but not limited to any claim that any party has breached the settlement agreement, without the prior written permission of a judge of this court. Also, at least four (4) business days before seeking the permission of the Court to initiate such a civil action, [Kabbaj] must first provide written notice of such intention to the Defendants' counsel, Larry R. Seegull, Esq., via both electronic mail to "larry.seegull@jacksonlewis.com" and written letter to Larry R. Seegull, Esq., Jackson Lewis LLP, 2800 Quarry Lake Drive, Suite 200, Baltimore, Maryland 21209, 410-415-2004.

(C.A. No. 10-431-RGA, D.I. 54, at 2-3).

Having reviewed the amended complaint, the court finds that the allegations against the John Doe Defendants consist of "bald assertions" and purported "legal conclusions." In addition, as discussed by the Florida District Court, and similar to the original complaint, Kabbaj's amended complaint impacts the settlement agreement to which he is a party. There is nothing on the court docket that indicates Kabbaj provided a copy of the instant complaint to Seegull before filing it. Nor did Kabbaj seek leave to file the complaint, either in this court or in the Florida District Court. Kabbaj agreed in the executed settlement documents to follow a certain procedure regarding any further civil action against any releasee, yet he failed to do so. As is evidenced by his numerous court filings, Kabbaj is well-aware of the procedures by which he is required to abide. Yet he chose not to follow the procedures to which he agreed.[4] Thus, the

[4] On October 18, 2012, Kabbaj filed a motion for leave to file a lawsuit against Releasee Mark S. Simpson. (C.A. No. 10-431-RGA, D.I. 55). Kabbaj had originally filed the complaint in the United States District Court for the Southern District of New York. This court ultimately granted Kabbaj leave to file a lawsuit against Simpson. The New York case was transferred to this court and assigned C.A. No. 12-1322-RGA.. The matter was subsequently dismissed for lack of personal jurisdiction. The dismissal was affirmed on appeal. *See Kabbaj v. Simpson*, 547 F. App'x 84 (3d Cir. 2013). On January 2, 2014, Kabbaj filed another motion to file a lawsuit against AST and Simpson. (C.A. No. 10-431-RGA. D.I. 65). Kabbaj did not provide a proposed complaint for the court to review to determine the adequacy of the pleading and proposed action. The motion was denied. (*Id.*, D.I. 87). On March 21, 2014, Kabbaj filed a motion to file a complaint against AST, Simpson and Brian Albro, who is described as Simpson's "boyfriend/husband" and as a "family member" to Simpson and thus a "Release[e]." (*Id.*, D.I. 70-1, ¶¶ 14, 22). On January 5,

amended complaint will be dismissed for failure to follow the procedure to which Kabbaj agreed.[5] Therefore, the court will dismiss the case as it was filed in contravention of the April 24, 2012 order and the settlement agreement entered into by Kabbaj.

There would also be a problem with subject matter jurisdiction in this case even were Kabbaj excused from following the procedures set forth in the settlement agreement. The only basis for jurisdiction is diversity jurisdiction, which requires complete diversity of citizenship. Plaintiff alleges he is a citizen of Florida. There is no allegation of citizenship of the 108 John Doe defendants, and since they are alleged to be unknown individuals, their citizenship cannot be alleged. As stated by the Court of Appeals for the Seventh Circuit, "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997).[6] *See also Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483, 494 (3d Cir. 2006) (John Doe parties destroy diversity jurisdiction if their citizenship cannot truthfully be alleged). Thus, were Kabbaj not procedurally barred from filing this lawsuit, I would, alternatively, pursuant to the Court's duty only to proceed in cases in which it has subject matter jurisdiction, dismiss the case for lack of subject matter jurisdiction.

---

2015, the court denied the motion to file a new complaint as to AST and granted the motion to file a new complaint as to Simpson and Albro. (*Id.*, D.I. 87).

[5]The court makes no finding, but notes that it is far from clear that this court has personal jurisdiction over the 108 John Doe defendants.

[6] This Court is not bound by the Seventh Circuit's decision, and notes that there are cases reaching a different conclusion. *See, e.g., Getaway.com LLC v. John Does 1-26*, No. 15-531-SLR (D.I. 6), slip. opin. at 3-4 (D. Del. July 30, 2015).

Kabbaj has filed six motions in this case. (D.I. 8, 9, 11, 12, 14, 20). As indicated, D.I. 14 will be granted in part. Most of the other motions (D.I. 8, 11, 12, the remainder of 14, 20) will be dismissed as moot. The Motion Requesting Establishment of Procedure to Pursue Claims (D.I. 9) relates to C.A. No. 10-431-RGA-MPT, and not to this case. Therefore, it will be denied.